BYRON C. CALHOUN v. MARGARET L. CALHOUN

No. 7318DC456

(Filed 13 June 1973)

1. **Limitation of Actions § 7— action grounded on fraud — three-year statute of limitations applicable**

In an action grounded on fraud, the three-year statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence. G.S. 1-52.

2. **Limitation of Actions § 7— alleged fraud in execution of deed of separation — claim barred by three-year statute of limitations**

Where the deed of separation which defendant challenges on the ground of fraud was prepared by her attorney and executed by her and plaintiff in March 1962, defendant instituted an action on 27 June 1969 to have modified portions of the separation agreement including the amount of monthly payments for her support, judgment was entered sustaining a demurrer and dismissing the action on 7 November 1969, said judgment was affirmed by the Court of Appeals on 1 April 1970 and defendant filed no amended pleadings in that action, any fraud in connection with the execution of the

Calhoun v. Calhoun

deed of separation was discovered by defendant or should have been discovered by her more than three years prior to the institution of this action.

APPEAL by defendant from *Haworth, Judge,* 19 March 1973 Civil Session of GUILFORD District Court, High Point Division.

On 30 March 1972 plaintiff instituted this action for absolute divorce on ground of one-year separation. He alleged marriage of the parties on 3 October 1936, separation on or about 15 December 1959, residence of both parties in North Carolina for more than six months next prior to the institution of the action, that the two children born to the marriage are more than 21 years of age and emancipated, and that a deed of separation was entered into between the parties in March 1962.

In her answer, defendant admitted all allegations of the complaint but alleged that plaintiff "left" her and that she did not execute the deed of separation freely and voluntarily; she asked that plaintiff's prayer for absolute divorce be denied. By way of further answer, affirmative defense and cross claim, defendant alleged that her signature to the deed of separation was fraudulently obtained by plaintiff and that the deed of separation was grossly unfair and injurious to her. She prayed (1) that the deed of separation be declared null and void and (2) that she be awarded temporary and permanent alimony and counsel fees.

In his reply and answer to the cross action, plaintiff pleaded numerous defenses including:

(1) Defendant's answer and cross claim fails to state a defense to the complaint and fails to state a claim upon which relief can be granted in that it fails to allege with particularity any facts or grounds constituting fraud by plaintiff or the court with respect to the deed of separation sought to be declared null and void.

(2) In February 1962, defendant instituted an action against plaintiff in the Superior Court of Guilford County alleging a separation of the parties on 15 December 1959 and asking for alimony and child support. On 27 March 1962, following negotiations, defendant's attorney prepared the deed of separation in question, defendant executed the same before an assistant clerk of the superior court after which the deed was forwarded to plaintiff and executed by him. On 10 December 1962

a judgment was entered in said action by Judge Donald Phillips reciting "the matters and things in controversy have been settled and . . . the parties hereto have entered into a voluntary separation agreement which adequately provides for the support and maintenance of the Plaintiff and her minor child." The action was nonsuited by said judgment with costs taxed against plaintiff (defendant herein) ; costs in said action have not been paid. Plaintiff pleads the judgment of Judge Phillips (copy being attached to the reply) as an estoppel to the relief sought by defendant herein.

(3) On or about 27 June 1969, defendant instituted an action against plaintiff in the District Court of Guilford County, asking the court to modify the deed of separation to require plaintiff to increase his support payments from $300 to $400 per month and requiring plaintiff to reimburse defendant for funds spent by her in support of the minor son of the parties. Said action was dismissed by the district court and on appeal to the Court of Appeals the dismissal was affirmed by decision rendered on 1 April 1970 and reported in 7 N.C. App. 509. (A copy of the Court of Appeals opinion is attached to the reply.) Plaintiff pleads the acknowledgment and validity of the deed of separation indicated by defendant in said action as an estoppel to deny the validity of the deed of separation in this action.

(4) The three-year statute of limitations provided by G.S. 1-52.

On 15 December 1972 plaintiff served "Requests for Admissions" on defendant pursuant to which defendant made certain admissions with respect to the February 1962 action, the deed of separation, the judgment of Judge Phillips, the June 1969 action, and plaintiff's compliance with the terms of the deed of separation.

On 12 March 1973 plaintiff filed motion for summary judgment as to defendant's further defenses and cross claim on the grounds set forth in his reply. Following a hearing, the court allowed plaintiff's motion for summary judgment on the several grounds asserted. Defendant appealed.

*Block, Meyland & Lloyd by A. L. Meyland for plaintiff appellee.*

*Stern, Rendleman, Isaacson & Klepfer by Robert O. Klepfer, Jr., for defendant appellant.*

Calhoun v. Calhoun

BRITT, Judge.

If either of the grounds asserted by plaintiff is valid, he is entitled to have the judgment affirmed. We hold that summary judgment was proper on plaintiff's plea of the three-years statute of limitations.

Summary judgment may be granted in two types of cases, those where a claim or defense is utterly baseless in fact and those where only a question of law on the indisputable facts is in controversy and it can be appropriately decided without full exposure of trial. *McNair v. Boyette,* 282 N.C. 230, 192 S.E. 2d 457 (1972).

[1] G.S. 1-52 provides that an action for relief on the ground of fraud or mistake must be brought within three years after "the discovery by the aggrieved party of the facts constituting the fraud or mistake." The Supreme Court of our State has held in numerous cases that in an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence. *Wimberly v. Washington Furniture Stores, Inc.,* 216 N.C. 732, 6 S.E. 2d 512 (1940) ; *Brooks v. Ervin Constr. Co.,* 253 N.C. 214, 116 S.E. 2d 454 (1960); *B-W Acceptance Corp. v. Spencer,* 268 N.C. 1, 149 S.E. 2d 570 (1966).

[2] In the case at bar, the materials presented at the hearing showed conclusively that the deed of separation which defendant challenges on the ground of fraud was prepared by her attorney and was executed by her and plaintiff in March 1962; that she instituted an action on 27 June 1969 to have modified portions of the separation agreement including the amount of monthly payments for her support; that judgment was entered sustaining a demurrer and dismissing the action on 7 November 1969; that said judgment was affirmed by the Court of Appeals on 1 April 1970; and that defendant has not filed any amended pleadings in said action. We think that any fraud in connection with the execution of the deed of separation was discovered by defendant, or in the exercise of reasonable diligence should have been discovered by her, more than three years prior to the institution of this action.

The summary judgment is valid on other grounds but no worthwhile purpose would be served in discussing them.

For the reasons stated, the judgment appealed from is

Affirmed.

Judges CAMPBELL and BALEY concur.