GEORGE P. HUNTER, JR. AND ANNETTE HUNTER IN THEIR INDIVIDUAL CAPACITIES, AND AMY S. HUNTER, MICHAEL S. HUNTER, AND G. PATRICK HUNTER III, AS TRUSTEES OF THE CHARLOTTE INSURANCE TRUST AGREEMENT, PLAINTIFFS-APPELLANTS V. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, CONSOLIDATED PLANNING, INC., ROBERT M. BALL, TODD H. DICKENS AND LANG MACBAIN, DEFENDANTS-APPELLEES

No. COA02-1533

(Filed 3 February 2004)

1. **Fraud— purchase of life insurance—motion to dismiss— sufficiency of allegations**

    The trial court erred by dismissing plaintiffs' common law fraud claim arising out of the purchase of a "second to die" life insurance policy because plaintiffs have alleged facts which could support a finding of fraudulent concealment of material facts.

2. **Fraud— constructive fraud—motion to dismiss—sufficiency of allegations**

    The trial court did not err by dismissing plaintiffs' constructive fraud claim arising out of the purchase of a "second to die" life insurance policy because: (1) plaintiffs failed to allege the requisite facts and circumstances which created a fiduciary relationship between the parties; and (2) the complaint failed to assert a sufficient allegation that defendants sought to benefit themselves.

3. **Fraud— negligent misrepresentation—motion to dismiss— sufficiency of allegations**

    The trial court erred by dismissing plaintiffs' negligent misrepresentation claim arising out of the purchase of a "second to die" life insurance policy, because plaintiffs' complaint sufficiently alleged that defendants' negligently misrepresented material information, defendants supplied false information for the guidance of plaintiffs, and that plaintiffs justifiably relied to their detriment on information prepared without reasonable care by one who owed the relying party a duty of care.

HUNTER v. GUARDIAN LIFE INS. CO. OF AM.

[162 N.C. App. 477 (2004)]

**4. Unfair Trade Practices— purchase of life insurance— motion to dismiss—sufficiency of allegations**

The trial court erred by dismissing plaintiffs' unfair and deceptive trade practices claim arising out of the purchase of a "second to die" life insurance policy, because: (1) proof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive trade practices; and (2) plaintiffs have alleged facts which, if proven, could support a finding of fraud.

**5. Statutes of Limitation and Repose— fraud—constructive fraud—negligent misrepresentation—unfair trade practices**

Plaintiffs' claims for fraud, constructive fraud, negligent misrepresentation, and unfair and deceptive trade practices arising out of the purchase of a "second to die" life insurance policy are not time-barred by the pertinent three-year statutes of limitation for fraud, constructive fraud, and negligent misrepresentation, or the four-year statute of limitation for unfair and deceptive trade practices, even though plaintiffs waited twelve years from the date the policy was purchased to sue because: (1) a cause of action based on fraud or mistake does not accrue until the injured party discovers the facts constituting fraud, plaintiffs did not discover the fraud until January 2001, and plaintiffs filed suit on 25 April 2002; (2) although defendants contend plaintiffs should have discovered the alleged fraud or misrepresentation upon receipt of the policy based on the disclaimer and the information about payments, plaintiffs' complaint is based on the allegation that defendants used illustrations defendants knew were false at the time of sale to induce plaintiffs to purchase the policy rather than alleging that they only had to pay a certain number of premiums; and (3) determining when plaintiff should, in the exercise of reasonable care and due diligence, have discovered the fraud is a question of fact to be resolved by the jury.

**6. Pleadings— motion to amend complaint—dismissal**

The trial court did not abuse its discretion by denying plaintiffs' motion to amend their complaint prior to dismissal in an action arising from the purchase of a "second to die" life insurance policy, because: (1) plaintiffs did not file a motion for leave to amend until almost an hour after the trial court had entered the N.C.G.S. § 1A-1, Rule 12(b)(6) dismissal; (2) although plaintiffs contend they requested leave to amend in their brief in opposition to defendants' motions to dismiss, those briefs

were not included in the record and are thus not before the Court of Appeals for review; (3) plaintiffs' oral offer that they would be willing to amend the petition and get more facts at the Rule 12(b)(6) hearing was not sufficient for leave to amend; and (4) the denial was not prejudicial when certain claims in plaintiffs' complaint were sufficient to proceed upon without the amendment.

Appeal by plaintiffs from order entered 22 July 2002 by Judge Richard D. Boner in Superior Court, Mecklenburg County and from order entered 14 August 2002 by Judge Albert Diaz in Superior Court, Mecklenburg County. Heard in the Court of Appeals 11 September 2003.

*Pinto Coates Kyre & Brown, P.L.L.C., by Paul D. Coates and Brady A. Yntema; and Martin, Drought & Torres, Inc., by G. Wade Caldwell, for plaintiffs-appellants.*

*Ellis & Winters LLP, by Matthew W. Sawchak and Paul K. Sun, Jr., for defendant-appellee The Guardian Life Insurance Company; and Sharpless & Stavola, P.A., by Lynn E. Coleman, for defendants-appellees Consolidated Planning, Inc., Robert M. Ball, Todd H. Dickens and Lang MacBain.*

McGEE, Judge.

George P. Hunter, Jr. and Annette Hunter in their individual capacities, and Amy S. Hunter, Michael S. Hunter, and G. Patrick Hunter III, as trustees of the Charlotte Insurance Trust Agreement, (hereinafter referred to collectively as plaintiffs) filed suit on 25 April 2002 against The Guardian Life Insurance Company of America (Guardian), Consolidated Planning, Inc. (Consolidated), Robert M. Ball (Ball), Todd H. Dickens (Dickens), and Lang MacBain (MacBain) (hereinafter referred to collectively as defendants). Guardian filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 9(b) on 30 May 2002; Consolidated, Dickens, and MacBain filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 7(b)(1) and 12(b)(6) on 24 June 2002; and Ball filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rules 7(b)(1) and 12(b)(6) on 12 July 2002. A hearing on the motions to dismiss was held on 15 July 2002. At this hearing, plaintiffs orally stated to the trial court that "if the Court was concerned that we had not pled enough specific facts, we would be willing to amend the petition and get more facts." The trial

court, in an order entered 22 July 2002, granted each defendant's 12(b)(6) motion to dismiss on the sole ground that plaintiffs' complaint disclosed facts that necessarily defeated plaintiffs' claims.

Plaintiffs filed a written motion for leave to amend their complaint on 22 July 2002, less than an hour after the order granting defendants' motions to dismiss was filed. The trial court conducted a hearing on 13 August 2002 and denied plaintiffs' motion for leave to amend in an order entered 14 August 2002.

Plaintiffs appeal the 22 July 2002 order granting defendants' Rule 12(b)(6) motions to dismiss and the 14 August 2002 order denying plaintiffs' motion for leave to amend.

Plaintiffs George P. Hunter, Jr. and Annette Hunter purchased a "second to die" life insurance policy from defendants in October 1990. They allege defendants sold the policy to them using financial illustrations showing that annual premiums of $38,836.92 were required for eleven years in order for the policy to become self-sustaining if dividends remained at the level indicated in the illustrations. Plaintiffs did not allege that they were guaranteed that only eleven payments would be required since the illustrations suggested that dividend payments could fluctuate. Rather, they allege that defendants knew when they sold the policy to plaintiffs that the dividend payment projections in the illustrations were not sustainable and would be reduced over the next several years.

Plaintiffs first argue the trial court erred in dismissing plaintiffs' claims for common law fraud, constructive fraud, negligent misrepresentation, and unfair and deceptive practices.

On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory."

*Block v. County of Person,* 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (quoting *Harris v. NCNB,* 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987)). "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." *Block,* 141 N.C. App. at 277-78, 540 S.E.2d at 419.

## I. Fraud

[1] "The elements of fraud are: '(1) False representation or conceal-ment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party.'" *McGahren v. Saenger*, 118 N.C. App. 649, 654, 456 S.E.2d 852, 855, *disc. review denied*, 340 N.C. 568, 460 S.E.2d 318-19 (1995) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974)). "In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint for fraud must allege with particularity all material facts and circumstances constituting the fraud." *Carver v. Roberts*, 78 N.C. App. 511, 513, 337 S.E.2d 126, 128 (1985).

> While the facts constituting the fraud must be alleged with particularity, there is no requirement that any precise formula be followed or that any certain language be used. "It is suffi-cient if, upon a liberal construction of the whole pleading, the charge of fraud might be supported by proof of the alleged con-stitutive facts."

*Id.* (quoting *Manufacturing Co. v. Taylor*, 230 N.C. 680, 686, 55 S.E.2d 311, 315 (1949)).

Applying the foregoing rules to the allegations contained in plain-tiffs' complaint, we find the complaint sufficient to state a claim for fraudulent concealment of material facts. Plaintiffs allege defendants sold them the life insurance policy using financial illustrations based on dividend payment projections that could fluctuate. However, plaintiffs specifically allege defendants knew, at the time of the sale, that these dividend payment projections would not be met. This alle-gation satisfies the first three requisite elements: (1) concealment of a material fact, (2) reasonably calculated to deceive, and (3) made with intent to deceive. "Fraudulent intent need not be specifically alleged if there are facts alleged from which a fraudulent intent may be reasonably inferred." *Carver*, 78 N.C. App. at 513, 337 S.E.2d at 128. Regarding the fourth element, it can be inferred from plaintiffs' purchase of the policy that they were, in fact, deceived by the failure of defendants to disclose this information. Finally, plaintiffs allege that dividend payments were subsequently lowered, resulting in the payment of additional premiums. Thus, plaintiffs were damaged by this concealment. Since plaintiffs have alleged facts which could sup-port a finding of fraud, the trial court erred in dismissing plaintiffs' fraud claim.

## II. Constructive Fraud

**[2]** "A claim of constructive fraud does not require the same rigorous adherence to elements as actual fraud." *Terry v. Terry*, 302 N.C. 77, 83, 273 S.E.2d 674, 677 (1981). "Constructive fraud differs from actual fraud in that 'it is based on a confidential relationship rather than a specific misrepresentation.' " *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997) (quoting *Terry*, 302 N.C. at 85, 273 S.E.2d at 678-79). "A constructive fraud complaint must allege facts and circumstances '(1) which created the relation of trust and confidence, and (2) led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.' " *State Ex Rel. Long v. Petree Stockton, L.L.P.*, 129 N.C. App. 432, 445, 499 S.E.2d 790, 798 (1998) (quoting *Rhodes v. Jones*, 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950)). "Further, an essential element of constructive fraud is that 'defendants sought to benefit themselves' in the transaction." *State Ex Rel. Long*, 129 N.C. App. at 445, 499 S.E.2d at 798 (quoting *Barger*, 346 N.C. at 667, 488 S.E.2d at 224). "Put simply, a plaintiff must show (1) the existence of a fiduciary duty, and (2) a breach of that duty." *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 28, 560 S.E.2d 817, 823, *disc. review denied*, 356 N.C. 164, 568 S.E.2d 196 (2002).

In the case before us, regarding the relationship between the parties, plaintiffs merely allege "[t]here existed a confidential and fiduciary relationship between the parties to this transaction and the Defendants took advantage of their position of trust to the harm of the Plaintiffs and induced the Plaintiffs to continue the policy." Plaintiffs fail to allege the requisite "facts and circumstances" which created this relationship. Although "[t]he very nature of constructive fraud defies specific and concise allegations," in light of the relevant case law, the cursory allegations in the case before us are not sufficient to withstand a motion to dismiss. *Terry*, 302 N.C. at 85, 273 S.E.2d at 679.

*Terry* is instructive on the sufficiency of allegations. *Terry* involved a defendant who took advantage of his dying brother by inducing him to sell his portion of a business at an inadequate price. The complaint was sufficient because it described the family relationship, the business dealings between the two and the increased role the defendant had near his brother's death. *Terry,* 302 N.C. at 86, 273 S.E.2d at 679. The complaint did much more than simply say "[t]here existed a confidential and fiduciary relationship" as was done in the instant case. When compared to *Terry*, the allegations

in the case before us do not contain enough detail to withstand a motion to dismiss.

In addition, the complaint in this case fails to assert a sufficient allegation that defendants sought to benefit themselves. The complaint merely states that defendants "failed to perform according to such fiduciary and confidential relationship in the best interest of the Plaintiff[s], and performed in the best interest of the Defendants, damaging the Plaintiffs as outlined herein." In *Sterner v. Penn*, 159 N.C. App. 626, 583 S.E.2d 670 (2003), the plaintiff alleged that the defendants acted as brokers and accepted her money establishing a relationship of trust and confidence. This Court did not decide if those allegations were adequate to establish the necessary relationship. Instead, we affirmed the dismissal of the complaint on the ground that the plaintiff did not adequately allege that the defendants sought to benefit themselves through the relationship. *Sterner*, 159 N.C. App. at 632, 583 S.E.2d at 674. The plaintiff had only alleged the defendants financially benefitted through commissions on sales. *Id.*

> Moreover, "payment of a fee to a defendant for work done by that defendant does not by itself constitute sufficient evidence that the defendant sought his own advantage." *NationsBank of N.C. v. Parker*, 140 N.C. App. 106, 114, 535 S.E.2d 597, 602 (2000) (holding that where plaintiff alleged that the defendant "took advantage of his position of trust and benefitted from his actions in that he was paid for his services," such an allegation by itself was insufficient to show that the defendant sought his own advantage).

*Id.*

The allegation in *Sterner* concerning how the defendants benefitted is more specific than the analogous allegation in the case before us. The trial court did not err in dismissing the constructive fraud claim.

### III. Negligent Misrepresentation

[3] North Carolina "expressly recognizes a cause of action in negligence based on negligent misrepresentation." *Stanford v. Owens*, 46 N.C. App. 388, 395, 265 S.E.2d 617, 622, *disc. review denied*, 301 N.C. 95 (1980). In *Brinkman v. Barrett Kays & Assocs., P.A.*, 155 N.C. App. 738, 741, 575 S.E.2d 40, 43 (2003) (quoting Restatement (Second) of Torts § 552 (1977)), our Court employed the Restatement 2d definition of negligent misrepresentation in holding that

"(1) [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

"The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988), *rev'd on other grounds*, 329 N.C. 646, 407 S.E.2d 178 (1991).

Applying the foregoing rules to the allegations contained in plaintiffs' complaint, we find the complaint sufficiently states a claim for negligent misrepresentation. Plaintiffs allege that defendants negligently misrepresented material information and

supplied false information for the guidance of the Plaintiffs, causing damages to the Plaintiff[s], by the Plaintiffs' justifiable reliance upon the information provided by the Defendants, and the Defendants failed to exercise reasonable care or competence in obtaining or communicating the information or in presenting the information or in producing or determining premium payment information that would be required to enable the policy to become self sustaining, and the Plaintiffs reasonably relied upon the Defendants' actions, harming the Plaintiffs as outlined herein.

These allegations are sufficient to withstand a Rule 12(b)(6) motion to dismiss and the trial court erred in dismissing this claim.

## IV. Unfair and Deceptive Practices

[4] "In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Dalton v. Camp*, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). "Proof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive trade practices." *Webb v. Triad Appraisal and Adjustment Service, Inc.*, 84 N.C. App. 446, 449, 352 S.E.2d 859, 862 (1987). Since plaintiffs have alleged facts which, if proven, could support a finding of fraud, they have also alleged facts

which could support a finding of unfair and deceptive practices. Therefore it was error for the trial court to dismiss plaintiffs' claim for unfair and deceptive trade practices.

## V. Statute of Limitations

[5] Defendants argue plaintiffs' claims are time-barred because plaintiffs waited twelve years from the date the policy was purchased to sue. We find this argument to be without merit.

The statute of limitations for fraud, constructive fraud, and negligent misrepresentation is three years. N.C. Gen. Stat. § 1-52 (2003). The limitations period for an unfair and deceptive practices claim is four years. N.C. Gen. Stat. § 75-16.2 (2003). "A cause of action generally accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985). Regarding claims based on fraud or mistake, the cause of action does not accrue until the injured party discovers the facts constituting the fraud. N.C. Gen. Stat. § 1-52(9) (2003). "The Supreme Court of our State has held in numerous cases that in an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." *Calhoun v. Calhoun*, 18 N.C. App. 429, 432, 197 S.E.2d 83, 85 (1973). In the case before us, plaintiffs did not discover the fraud until January 2001 when they were informed that additional premium payments would be required. Plaintiffs filed suit on 25 April 2002, within both applicable limitations periods.

Defendants further argue plaintiffs should have discovered the harm upon receipt of the policy because of the disclaimer and the information about payments until second death contained in the policy. Defendants argue that *Underwood v. Northwestern Mutual Life Ins. Co.*, 149 N.C. App. 979, 563 S.E.2d 309, *disc. review denied*, 356 N.C. 176, 569 S.E.2d 281 (2002), an unpublished opinion, is controlling on the statute of limitations issue. In *Underwood*, this Court affirmed the trial court's dismissal of a fraud and negligent misrepresentation claim based on the statute of limitations. In *Underwood*, the plaintiff's claim derived from the allegation that he was promised he would only have to pay premiums for nine years while the actual policy stated otherwise. Consequently, this Court held the plaintiff should have discovered the fraud or misrepresentation when he received the policy. We distinguish *Underwood* on the ground that plaintiffs in the case before us are not alleging they were promised

they only had to pay a certain number of premiums. Rather, plaintiffs' complaint is based on the allegation that defendants used illustrations defendants knew were false at the time of the sale to induce plaintiffs to purchase the policy. Due to the differing allegations, *Underwood* is not controlling. Further, determining "[w]hen plaintiff should, in the exercise of reasonable care and due diligence, have discovered the fraud is a question of fact to be resolved by the jury." *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 304-05, 271 S.E.2d 385, 392 (1980). In their complaint, plaintiffs allege they only recently discovered the acts of defendants and could not have discovered, with reasonable diligence, such acts until then. This allegation is sufficient to withstand a Rule 12(b)(6) motion to dismiss.

[6] Plaintiffs also allege the trial court erred in refusing to permit plaintiffs to amend their complaint prior to dismissal. N.C. Gen. Stat. § 1A-1, Rule 15(a) (2003) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party." "A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse." *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).

Plaintiffs cite *Zenobile v. McKecuen*, 144 N.C. App. 104, 109, 548 S.E.2d 756, 759, *disc. review denied*, 354 N.C. 75, 553 S.E.2d 214 (2001), as standing for the proposition that it is reversible error for a trial court to rule on a motion to dismiss before ruling on a plaintiff's motion for leave to amend. However, in *Zenobile*, the plaintiffs filed a motion for leave to amend on 30 August 1999 and the trial court did not grant the motion to dismiss until 23 March 2000. Thus, the trial court had almost seven months to rule on the motion but failed to do so. In contrast, in the case before us, plaintiffs did not file a motion for leave to amend until almost an hour after the trial court had entered the Rule 12(b)(6) dismissal on 22 July 2002. Although plaintiffs argue they requested leave to amend in their brief in opposition to defendants' motions to dismiss on 10 July 2002, said brief was not included in the record and is not before this Court to review. Further, plaintiffs' oral offer that they "would be willing to amend the petition and get more facts" at the Rule 12(b)(6) hearing is not a sufficient request for leave to amend. Accordingly, under these facts, it was not error for the trial court to deny plaintiffs' motion for leave to amend. In any event, the trial court's denial was not prejudicial because cer-

tain claims in plaintiffs' complaint addressed above are sufficient to proceed upon without the amendment.

Affirmed in part; reversed and remanded in part.

Judges HUNTER and CALABRIA concur.