McCULLOUGH, Judge.
The plaintiff John Doe appeals from orders granting Catawba College's (the "college") motion for judgment on the pleadings and Ralph Wager's motion to dismiss. For the following reasons, we affirm.
I. Background
Plaintiff filed the complaint in this matter and a summons was issued on 28 July 2015. In the complaint, plaintiff asserted causes of action for negligence, negligent hiring, negligent retention, negligent supervision, fraud and fraudulent concealment, and civil conspiracy against the college; assault against Wager; and negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), equitable estoppel, and punitive damages against both the college and Wager. These claims were based on allegations that plaintiff was sexually assaulted by Wager in June of 1990 while Wager was employed by the college as the soccer coach and that the college was aware of other sexual assault allegations against Wager prior to 1990 but did not take steps to prevent additional occurrences from happening and did not alert law enforcement. Plaintiff further alleged that he was first contacted by law enforcement in July of 2012 and informed that his mother had made a complaint to the college in 1990 indicating he had been sexually abused by Wager and that he first learned that the college was aware of sexual assault allegations made against defendant prior to 1990 during a follow-up meeting with law enforcement in October of 2012.
Catawba College filed an answer to the complaint and a motion for judgment on the pleadings on 2 October 2015. Wager filed a motion to dismiss pursuant to Rule 12(b)(6) on 6 October 2015.
Defendants' motions came on for hearing before the Honorable James W. Morgan on 2 December 2015 in Mecklenburg County Superior Court. Following the hearing, the trial judge announced his decision to grant the motions, noting that this Court's decision in Doe v. Roman Catholic Diocese of Charlotte, NC , ---N.C. ----, 775 S.E.2d 918, disc. review denied , 368 N.C. 431, 778 S.E.2d 82 (2015), was on point. Separate orders were filed on 22 December 2015 indicating the motions were granted on the bases of the statute of limitations and statute of repose.
Plaintiff filed notice of appeal from both orders on 20 January 2016. However, in plaintiff's appellate brief, plaintiff explicitly abandons his appeal of the order granting Wager's motion to dismiss and only addresses the order granting the college's motion for judgment on the pleadings.
II. Discussion
On appeal, plaintiff contends the trial court erred in granting the college's motion for judgment on the pleadings. "This Court reviews a trial court's grant of a motion for judgment on the pleadings de novo ." Carpenter v. Carpenter , 189 N.C. App. 755, 757, 659 S.E.2d 762, 764 (2008).
Rule 12(c) governs motions for judgment on the pleadings and provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." N.C. Gen. Stat. § 1A-1, Rule 12(c) (2015). "A motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Carpenter , 189 N.C. App. at 761, 659 S.E.2d at 767. Thus, a motion for judgment on the pleadings is essentially a motion for summary judgment without the consideration of evidence, or other matters outside the pleadings. See N.C. Gen. Stat. § 1A-1, Rule 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").
Although the college denied many of plaintiff's factual allegations, the court granted the college's motion, specifying that the college's motion is "granted on the basis [sic] of the statute of limitations and the statute of repose." Upon review, it appears there are no material issues of fact concerning the dates alleged in the complaint and the court could determine whether the statute of limitations and statute of repose barred plaintiff's suit as a matter of law.
Plaintiff first challenges the trial court's grant of judgment on the pleadings on the fraud based claims, specifically identifying the fraud and civil conspiracy claims. Plaintiff recognizes that the statute of limitations for fraud and civil conspiracy is three years, see N.C. Gen. Stat. § 1-52 (2015), but argues there are issues of fact as to the accrual date because, " 'in an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence.' " Hunter v. Guardian Life Ins. Co. of America , 162 N.C. App. 477, 485, 593 S.E.2d 595, 601 (quoting Calhoun v. Calhoun , 18 N.C. App. 429, 432, 197 S.E.2d 83, 85 (1973) ), disc. review denied , 358 N.C. 543, 599 S.E.2d 49 (2004). Plaintiff asserts that the earliest possible accrual date for the fraud and civil conspiracy claims is 30 July 2012, when he was first contacted by law enforcement. Therefore, the statute of limitations had not run when plaintiff filed the complaint on 28 July 2015. Defendant also argues the statute of limitations for all claims is tolled by the fraudulent concealment doctrine. Plaintiff, however, neglects to address that the trial court granted judgment on the pleadings not only based on the statute of limitations, but also based on the statute of repose.
While we agree with the trial court that the statute of limitations barred most of plaintiff's claims against the college, we need not address those arguments because the statute of repose bars all of plaintiff's claims against the college.
In this case, all claims asserted against the college-negligence, NIED, IIED, negligent hiring, retention, and supervision, fraud and fraudulent concealment, and civil conspiracy-sought recovery of damages for personal injury suffered by plaintiff, specifically, severe emotional distress. For causes of action to recover for personal injury, N.C. Gen. Stat. § 1-52(16) provides that "no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-52(16). The last act of the college alleged with date in plaintiff's complaint was that "his mother had made a complaint to [the college] in 1990 and indicating [sic] that an incident of sexual abuse had occurred against her son." Plaintiff did not file his complaint commencing this action until 28 July 2015, twenty-five years later.
This Court has recognized that "[a] statute of repose is not an affirmative defense" but " 'a condition precedent to a party's right to maintain a lawsuit.' " Whittaker v. Todd , 176 N.C. App. 185, 187, 625 S.E.2d 860, 862 (quoting Tipton & Young Construction Co. v. Blue Ridge Structure Co. , 116 N.C. App. 115, 117, 446 S.E.2d 603, 605 (1994) ), disc. review denied , 360 N.C. 545, 635 S.E.2d 62 (2006). Thus, "a plaintiff is required to plead and prove that the statute of repose is not a bar to the maintenance of the action." Id .
On appeal, plaintiff does not contest the applicability of the statute of repose or that it had not run by the time he filed his complaint. Instead, plaintiff's only mention of the statute of repose is in his final argument that the college should be "equitably estopped from asserting the statute of limitations and statute of repose." Plaintiff relies on this Court's decision in Bryant v. Adams , 116 N.C. App. 448, 448 S.E.2d 832 (1994), disc. review denied , 339 N.C. 736, 454 S.E.2d 647 (1995), to argue equitable estoppel may defeat a statute of repose defense. Id . at 460, 448 S.E.2d at 838.
In Bryant , this Court explained that
"[t]he essential elements of estoppel are (1) conduct on the part of the party sought to be estopped which amounts to a false representation or concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive, of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought to be estopped to his prejudice."
Id . (quoting Hensell v. Winslow , 106 N.C. App. 285, 290-91, 416 S.E.2d 426, 430 (1992) ). Upon review, this Court held that the plaintiffs in Bryant alleged the essential elements for equitable estoppel in their complaint when they alleged a defendant, who "was the only individual who possessed the information [the] plaintiffs sought[,]" "thwarted discovery efforts regarding specific facts and refused to answer questions or provide documentation [.]" Id . Thus, the case was "remand[ed] to the trial court for a factual determination of whether [the defendant] should be estopped from relying on the statute of limitations and statute of repose." Id .
Unlike in Bryant , there is no indication in the present case that plaintiff sought information from the college or that the college took steps to conceal information sought by plaintiff. While plaintiff may have lacked the knowledge to file a complaint, plaintiff cannot argue "a lack of ... means of knowledge as to the real facts in question" where there is no allegation, nor indication, that he attempted to discover information from the college after he was sexually assaulted. As the college points out, there was never a question as to the college's identity or its relationship with Wager.
III. Conclusion
For the reasons discussed above, we uphold the trial court's grant of judgment on the pleadings.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and DIETZ concur.