ARROWOOD, Judge, dissenting.
 

 I respectfully dissent.
 

 Tia M. Stocks ("defendant-appellant") argues on appeal that the trial court erred by granting summary judgment in plaintiff's favor because
 she raised a genuine issue of material fact as to when Wells Fargo Bank, N.A. ("plaintiff") should have discovered the mistake in the deed of trust. As a result, she argues, there is a genuine issue of material fact as to whether the action is time barred under
 
 N.C. Gen. Stat. § 1-52
 
 (9) (2017). However, the majority concludes it does not need to resolve defendant-appellant's argument as raised on appeal because, subsequent to the trial court's summary judgment order, this Court decided
 
 Nationstar Mortg., LLC v. Dean
 
 , --- N.C. App. ----,
 
 820 S.E.2d 854
 
 (2018), wherein our court determined
 
 N.C. Gen. Stat. § 1-52
 
 (9) does not apply to a claim to reform a deed of trust based on mistake.
 

 In
 
 Nationstar Mortg., LLC
 
 , our Court considered whether the three-year statute of limitations in
 
 N.C. Gen. Stat. § 1-52
 
 (9) for claims based in "fraud or mistake" or the ten-year statute of limitations in
 
 N.C. Gen. Stat. § 1-47
 
 (2) (2017), for actions "[u]pon a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto[,]" applies to a claim to reform a deed of trust based on mistake.
 
 Nationstar Mortg., LLC
 
 , --- N.C. App. at ----,
 
 820 S.E.2d at 860
 
 . Our Court explained that, although the statute of limitations in both
 
 N.C. Gen. Stat. §§ 1-47
 
 (2) and 1-52(9) could apply to the facts before the court, "[w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability."
 

 Id.
 

 The Court then determined, without citing any supporting justification, that "[a]s between
 
 N.C. Gen. Stat. §§ 1-47
 
 (2) and 1-52(9), the former is the more specific statute of limitations that applies to" a reformation claim involving a deed of trust that is "clearly a sealed instrument ... 'of conveyance of an interest in real property[.]' "
 

 Id.
 

 Applying
 
 Nationstar Mortg., LLC
 
 's holding to the case at bar, the majority concludes that, because
 
 N.C. Gen. Stat. § 1-52
 
 (9) does not apply to a claim to reform a deed of trust based on mistake, it will consider defendant-appellant's
 arguments in light of
 
 N.C. Gen. Stat. § 1-47
 
 (2). I disagree with the majority's approach. It is well-established that "[i]t is not the role of the appellate court ... to create an appeal for an appellant."
 
 Viar v. N. Carolina Dep't of Transp.
 
 ,
 
 359 N.C. 400
 
 , 402,
 
 610 S.E.2d 360
 
 , 361 (2005) ;
 
 see
 
 N.C.R. App. Pro. 28(b)(6) (2019) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Therefore, because the appellant did not raise the issue analyzed by the majority-whether there is a genuine issue of material fact as to whether the action is time barred under
 
 N.C. Gen. Stat. § 1-47
 
 (2) -we should not address it on appeal. Furthermore, in her opening brief, defendant-appellant specifically
 argues the opposite, maintaining that
 
 N.C. Gen. Stat. § 1-47
 
 (2) is not the relevant statute of limitations. Thus, any argument otherwise has been waived.
 

 Additionally,
 
 Nationstar Mortg., LLC
 
 was published prior to defendant's filing of her principal brief, and she even cites to it to define reformation, and to discuss, in a footnote, whether reformation of a deed of trust is an issue for the court or the jury. Nevertheless, she does
 
 not
 
 argue that our Court should consider this case in light of the ten-year statute of limitations in
 
 N.C. Gen. Stat. § 1-47
 
 (2), as described by
 
 Nationstar Mortg., LLC
 
 . Thus, I contend it is not proper for us to consider the argument posited by the majority on appeal.
 

 Despite her argument in her opening brief, I do note that defendant's reply brief does argue that plaintiff's claim for reformation is barred under
 
 both
 

 N.C. Gen. Stat. §§ 1-47
 
 (2) and 1-52(9). Even so, this argument is not properly before our Court because "[a] reply brief does not serve as a way to correct deficiencies in the principal brief."
 
 Cox v. Town of Oriental
 
 ,
 
 234 N.C. App. 675
 
 , 679,
 
 759 S.E.2d 388
 
 , 390 (2014) (alteration in original) (citation and quotation marks omitted). Accordingly, I dissent.
 

 Furthermore, I believe it is problematic to determine that claims cannot be brought under
 
 N.C. Gen. Stat. § 1-52
 
 (9) in actions arising out of a sealed instrument or an instrument of conveyance of an interest in real property, against the principal thereto. Under North Carolina law, a cause of action based on fraud or mistake does not accrue until the aggrieved party discovers the facts constituting the fraud.
 
 N.C. Gen. Stat. § 1-52
 
 (9) ;
 
 Hunter v. Guardian Life Ins. Co. of Am.
 
 ,
 
 162 N.C. App. 477
 
 , 485,
 
 593 S.E.2d 595
 
 , 601 (2004) ("The Supreme Court of our State has held in numerous cases that in an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." (citation and quotation marks omitted)). However, under
 
 Nationstar Mortg. LLC
 
 , a cause of action based on fraud or mistake cannot be brought after ten years even if the underlying fraud or mistake would not have been reasonably discovered during that time.
 

 I do not believe this result was the intent of
 
 N.C. Gen. Stat. § 1-47
 
 (2), where both our General Assembly and judiciary have emphasized the importance of protecting defrauded parties, or those injured by a mistake, by holding that a cause of action for these injuries does not accrue until the discovery of the fraud or mistake in the exercise of reasonable diligence. After all, determining "[w]hen plaintiff should, in the exercise of reasonable care and due diligence, have discovered the fraud is" not a
 matter of law, but, rather, "a question of fact to be resolved by the jury."
 
 Hunter
 
 ,
 
 162 N.C. App. at 486
 
 ,
 
 593 S.E.2d at 601
 
 (alteration in original) (citation and internal quotation marks omitted). Thus, I believe it runs counter to logic and our case law interpreting
 
 N.C. Gen. Stat. § 1-52
 
 (9) to bar an action for mistake or fraud from accruing after ten years pursuant to
 
 N.C. Gen. Stat. § 1-47
 
 (2) simply because the document at issue is a sealed instrument or an instrument of conveyance of an interest in real property.
 

 For the foregoing reasons, I respectfully dissent.