**MOUNTAIN LAND PROPERTIES, INC., and Diana D., Plaintiffs,**

v.

**Fred LOVELL, Rodney Hickox, Lynn A. Hickox, and, SCBT, N.A. d/b/a CBT, a division of SCBT, N.A., Defendants.**

**Civil Case No. 2:12–CV–84–MR–DLH.**

United States District Court,
W.D. North Carolina,
Bryson City Division.

Signed Sept. 11, 2014.

---

Mountain Land Properties, Inc., Asheville, NC, pro se.

Diana D., Asheville, NC, pro se.

Kenneth W. Fromknecht, II, Law Offices of Kenneth W. Fromknecht, II, Franklin, NC, James M. Dedman, IV, Christopher Mark Kelly, Gillian Shannon Crowl, Sarah M. Bowman, Gallivan, White & Boyd, P.A., Charlotte, NC, for Defendants.

### *ORDER*

MARTIN REIDINGER, District Judge.

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss [Docs. 25, 26, 27, and 28]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those motions [Doc. 44]; and Plaintiffs' Objections to the Magistrate Judge's Memorandum and Recommendation. [Doc. 45].

### FACTUAL AND PROCEDURAL BACKGROUND

The dispute underlying this action surrounds Plaintiffs asserted involvement in the improvement of a parcel of real property in Swain County, North Carolina, known as the Unahala Road Property. [Doc. 23 at 2]. The Plaintiffs allege that in late 2004 or early 2005, they contemplated forming a joint venture with Defendants Fred Lovell and Rodney Hickox. [*Id.*]. The Plaintiffs claim the purpose of such venture was to develop for sale the Unahala Road Property whereby Defendants Lovell and Rodney Hickox would furnish the capital for the project and the Plaintiffs would provide the labor. [*Id.*]. Because Rodney Hickox was an officer of Community Bank and Trust[1] which would be providing the financing for the project, Plaintiffs assert that "no loans could be procured in Mr. Hickox's personal name for the purpose of financing the development venture, but that he would instead utilize the participation of his wife, Lynn A. Hickox, in order to procure the loan." [*Id.*]. Further, according to Plaintiffs, Defendants Lovell, Rodney Hickox, and Lynn Hickox were to pledge as collateral a certificate of deposit in the amount of $1,000,000 to cover the loan in the event of default. [*Id.* at 3]. Plaintiff Mountain Land Properties, Inc., acting through its president Diana D.,[2] became a signatory to the loan and security documents for the Unahala Road Property.[3] [Doc. 25–4].

---

1. Defendant SCBT, as alleged by Plaintiffs, is the successor by merger to Community Bank and Trust. [Doc. 23 at 4].

2. Diana D. is not a pseudonym for the purposes of this litigation. Diana D. is the natural Plaintiff's full name due to a prior name change proceeding. [Doc. 25–1 at 2 n. 1].

3. Plaintiffs do not explain the factual inconsistency between the allegations in the Amended Complaint that Defendants Lovell and Lynn Hickox were to provide the capital for the project, not the Plaintiffs [Doc. 23 at 2], and the loan documents themselves evidencing that Plaintiff Mountain Land Properties, Inc. executed the promissory note and

Plaintiff Diana D., in her individual capacity, however, does not allege that she became a member of the joint venture, and she was not a signatory to the loan and security documents for the Unahala Road Property. [*Id.*].

Financing for the Unahala Road Property project was secured from Community Bank and Trust. [Docs. 25–2; 25–3]. Ultimately, the Unahala Road Property loan went into default and Defendant SCBT, as the holder of the note, threatened legal action against Plaintiffs. [Doc. 23 at 5]. Plaintiffs claim, however, that Defendant SCBT had "allowed Defendants Rodney Hickox and/or Fred Lovell to withdraw, transfer or otherwise diminish funds from the original, one million dollar certificate of deposit which was in place to secure the loan transaction execution in connection with the partnership's acquisition of the Unahala Road Property. Moreover, at no time did any of the Defendants ever inform the Plaintiffs of the fact that these activities had occurred." [*Id.*]. Plaintiffs thereafter commenced this action.

Plaintiffs' Amended Complaint asserts the following claims: (1) negligent nondisclosure; (2) fraud and fraudulent inducement; (3) civil conspiracy; (4) unfair and deceptive trade practices; (5) unjust enrichment; (6) breach of covenant of good faith and fair dealing; and (7) offset. [*Id.* at 5–9]. Each Defendant filed a motion to dismiss the Plaintiffs' claims. [Docs. 25, 26, 27, and 28].

Pursuant to 28 U.S.C. § 636(b), the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider Defendants' motions to dismiss and to submit to this Court a recommendation for the disposition of these motions. On April 17, 2014, the Magistrate Judge filed a Memorandum and Recommenda-

tion. [Doc. 44]. The M & R recommended granting the dismissal motion filed by Defendant SCBT as to all of Plaintiff Diana D.'s claims against it with the exception of her Third claim (unjust enrichment). [*Id.* at 623]. The M & R recommended granting in full the dismissal motions filed by Defendants Lovell, Rodney Hickox, and Lynn Hickox as to all of Plaintiff Diana D.'s claims against them. [*Id.* at 630–31, 632]. The parties were advised that any objections to the Magistrate Judge's M & R were to be filed in writing within fourteen days of service. [*Id.* at 632]. Plaintiffs filed their Objections [Doc. 45] and the Defendants have replied thereto [Doc. 46, 47, and 48].

On June 24, 2014, counsel for both Plaintiffs filed a motion to withdraw from representing them further. [Doc. 53]. On August 4, 2014, the Court entered an Order granting counsel's motion to withdraw and directing Plaintiff Mountain Land Properties, Inc. to retain new counsel within ten days of the entry of said Order.

## STANDARD OF REVIEW

■■■ The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections

deed of trust together with Defendants Lovell and Lynn Hickox. [Docs. 25–2; 25–3].

have been raised. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

## DISCUSSION

Before discussing the Magistrate Judge's M & R and Diana D.'s objections thereto, the Court must address two preliminary matters: (1) the status of Mountain Land Properties, Inc. as a party to this action and (2) the matters in the M & R to which no objection was lodged by Diana D.

### 1. Preliminary Matters.

Pursuant to the Court's Order entered in this case on August 5, 2014, counsel for both Plaintiffs was permitted to withdraw. [Doc. 55]. While Plaintiff Diana D., a natural person, can continue to represent herself in this matter, Plaintiff Mountain Land Properties, Inc., an artificial person, cannot. Plaintiff Mountain Land Properties, Inc. was granted ten days from the entry of the August 5, 2014, Order to retain new counsel and to have such counsel enter an appearance on its behalf. No new counsel has appeared for Mountain Land Properties, Inc., and Diana D. has conceded that the corporation's claims should be dismissed.[4] Accordingly, all claims asserted by Plaintiff Mountain Land Properties, Inc. against all of the Defendants should be dismissed and Plaintiff Mountain Land

Properties, Inc. should be terminated as a party plaintiff.

Plaintiff Diana D. has not objected to the Magistrate Judge's analysis concerning the Court's jurisdiction premised upon diversity, the Magistrate Judge's discussion of the statutes of limitations applicable to Plaintiff Diana D.'s various claims, nor the majority of the Magistrate Judge's meticulous factual and legal recommendations. The Court, therefore, adopts without further comment all of the Magistrate Judge's recommendations not specifically identified by Plaintiff Diana D. as one of her seven "Specific Objections" to the M & R she has presented to this Court.

### 2. Plaintiff Diana D.'s Specific Objections.

■ Plaintiff Diana D.'s first objection is directed at the Magistrate Judge's conclusion that she lacks standing to assert any tort or contract claims arising from the lending and security contracts entered into by and among Mountain Land Properties, Inc., Fred Lovell, and Lynn Hickox on the one hand, and Community Bank and Trust on the other. [Doc. 45 at 6]. Diana D. does not dispute that, in her individual capacity, she was not a party to these contracts. Instead, she argues that she was "intended to be a direct beneficiary of the property development, as well as any agreements related thereto, and these allegations are adequately pled in the Complaint[.]" [*Id.*]. Under North Carolina law,

> The question of whether a contract was intended for the benefit of a third party is generally regarded as one of construc-

4. Plaintiff Diana D. served a notice in response to the Court's August 5, 2014 Order stating that Mountain Land Properties, Inc. had not retained new counsel and should be dismissed. "PLAINTIFF, Mountain Land Properties, Inc. submits to the Court that [it]

has not found new counsel as of August 14th, 2014 ... and requests the court to dismiss those issues presented to the court by Mountain Land Properties, Inc., without prejudice." [Doc. 56 at 1].

tion of the contract. The intention of the parties in this respect is determined by the provisions of the contract, construed in light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish.

*Johnson v. Wall,* 38 N.C.App. 406, 410, 248 S.E.2d 571, 574 (1978).

Plaintiff Diana D.'s basic point appears to be that since she was the owner and the president of Mountain Land Properties, Inc., she was obviously intended to benefit from any contract entered into by Mountain Land Properties, Inc.—sort of an "inverse piercing of the corporate veil" or "inverse alter-ego" theory of recovery. Plaintiff, however, cites no authority for such a novel concept.

Plaintiff next obliquely argues that she was an intended beneficiary because she was, personally, a member of the joint venture. The allegations in the Amended Complaint, however do not bear out this position. One general allegation in the Amended Complaint points toward the *possibility* that Diana D. could have been a principal of the joint venture. "In November 2004, Defendant Lovell, and in or around February 2005, Defendant Rodney Hickox, approached Plaintiffs and indicated their interest in entering into a joint venture partnership with Plaintiffs, whereby all parties would develop the Unahala Road Property." [Doc. 23 at 2]. This general allegation lumping both Plaintiffs together, however, conflicts with the Amended Complaint's particular assertion that "Plaintiff Diana D., **acting on behalf of Plaintiff Mountain Land Properties, Inc. and in her capacity as the company's president,** moved forward with the development venture by executing the requisite documents to assist in the procurement of a loan[.]" [*Id.* at 3 (emphasis added)]. Diana D., the individual, was not a signatory to any of the loan or security documents, a fact she freely admits. [*Id.* at 8 ("Diana D., who was not a party to the associated loan transaction, . . .")]. Thus, Plaintiffs' own allegations state that Diana D. was not a member of the joint venture, as formed.

■ To survive a motion to dismiss made pursuant to Rule 12(b)(6), a party's allegations, treated as true, are required to contain "enough facts to state a claim to relief that is *plausible on its face.*" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (emphasis added).[5] The claim need not contain overly "detailed factual allegations," *Id.* at 555, 127 S.Ct. 1955, but "a formulaic recitation of the elements of a cause of action will not do[,]" nor will mere labels and legal conclusions suffice. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. The touchstone, therefore, is plausibility and not possibility. The threadbare allegations in the Amended Complaint do not

5. The Court notes that Diana D., in her objections to the M & R, has articulated the wrong standard of review for Fed.R.Civ.P. 12(b)(6) motions. She asserts that Defendants' dismissal motions should not be granted "unless it appears certain that the claimant can prove no set of facts that would support its claim for relief." [Doc. 45 at 8]. This "no set of facts" standard, originally established by the Supreme Court in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), was explicitly repudiated by the Supreme Court in *Twombly,* 550 U.S. at 562–63, 127 S.Ct. 1955.

plausibly indicate she was a principal in the joint venture. The Amended Complaint contains no factual allegations concerning her individual role in the alleged joint venture, what labor, services, or materials she individually. provided, or what control, authority or management power she possessed in her individual role in the joint venture (as opposed to her role as owner and president of Mountain Land Properties, Inc.). In fact, the allegations in the Amended Complaint undermine Plaintiff's argument. Putting aside for the moment the questions surrounding the exact nature of Diana D.'s business relationship with Defendants Lynn Hickox and Lovell, if any, the Amended Complaint contains no allegations whatsoever that Diana D. was an intended third-party beneficiary to the development of the Unahala Road Property. For these reasons Diana D.'s first specific objection is rejected.

■ Diana D.'s second, third, fourth, and fifth specific objections contest the Magistrate Judge's conclusion that the Amended Complaint failed to allege any fraud claims with particularity as well as failed to allege any facts supporting Diana D.'s contention that a fiduciary relationship existed between her and Defendants Lovell, Lynn Hickox, and Rodney Hickox. [Doc. 45 at 6–7]. While Diana D. points the Court to various case citations that explain the legal relationship among members of a joint venture under North Carolina law [*Id.* at 9–11], nowhere does she address the Magistrate Judge's conclusion that the Amended Complaint was factually deficient. As stated *supra,* Plaintiff fails to allege in the Amended Complaint that she (rather than Mountain Land Properties, Inc.) was a joint venturer. The Amended Complaint also fails to set forth any allegations that Defendants Lovell and Rodney Hickox's "interest in entering into a joint venture" [Doc. 23 at 2], was ever

consummated to create such a business enterprise. Diana D.'s explanation of North Carolina law, as it pertains to defining the legal relationships inherent in a joint venture, therefore, is of no moment because she has failed to assert a sufficient factual basis to give rise to a fiduciary relationship between the parties. For these reasons, Diana D.'s second, third, fourth, and fifth specific objections are rejected.

■ Diana D.'s final two specific objections, numbers six and seven, contest the Magistrate Judge's conclusion that her unfair and deceptive trade practices claim against Defendant SCBT should be dismissed. In order to make out a *prima facie* claim for unfair and deceptive trade practices, as the Magistrate Judge correctly pointed out, Diana D. must plausibly assert that: (1) Defendant SCBT committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the Plaintiffs' injury. *Gray v. N.C. Ins. Underwriting Ass'n,* 352 N.C. 61, 529 S.E.2d 676, 681 (2000). She claims that Defendant SCBT committed an unfair or deceptive trade practice when its vice president, Rodney Hickox, and other bank officials, assured her that there was, and would continue to be, a one million dollar CD in place to satisfy the underlying loan debt, and such security was either discharged in secrecy (unfair) or never actually existed in the first place (deceptive). Further, she states these acts occurred "in the stream of commerce" because Plaintiffs were consumers of SCBT loans and the Defendant bank was engaged in selling and servicing credit accounts. [Doc. 45 at 7].

■ To begin, Diana D. admitted in the Amended Complaint that she was not a party to the financial arrangements resulting in the loan made by Community Bank

and Trust. [Doc. 23 at 8]. Further, the Court has concluded that she was not a third-party beneficiary of this loan either. On this point, Diana D. recasts her novel "inverse piercing the corporate veil" theory in the form of a deceptive trade practices claim. For these reasons alone, Diana D.'s objection to the dismissal of her unfair and deceptive trade practices claim must be rejected.

In addition, the Amended Complaint does not identify any specific wrongful act or practice committed by Defendant SCBT. It simply states

> That the actions of the Defendants, and all of them, were deceptive, misleading, unfair and/or tended to deceive or mislead the Plaintiffs, insofar that, as a direct and proximate result, Defendants are liable for having engaged in unfair and/or deceptive trade practices as provided under North Carolina General Statute § 75–1.1 et seq.

[Doc. 23 at 7]. *Gray*, 529 S.E.2d at 681. Furthermore, since Diana D. fails to allege any unfair or deceptive act perpetrated by Defendant SCBT, she has also failed to allege how Defendant SCBT performed such unfair or deceptive act(s) in commerce or how such act(s) otherwise affected commerce. Diana D. cannot cure any pleading deficiencies with her *post hoc* written objections to the Magistrate Judge's M & R. Diana D.'s written objections cannot be used to convert what is a factually deficient pleading into a well-pleaded complaint. Accordingly, due to the Amended Complaint's factual insufficiencies, Diana D.'s sixth and seventh specific objections are rejected.

### ORDER

**IT IS, THEREFORE, ORDERED** that all of the claims asserted by Plaintiff Mountain Land Properties, Inc. against all of the Defendants are hereby **DIS-MISSED** and Plaintiff Mountain Land Properties, Inc. is hereby **TERMINATED** as a party to this action.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 44] is **ACCEPTED** and the Plaintiffs' Objections [Doc. 45] thereto are **REJECTED**. Accordingly:

(1) Defendant SBCT's Motion to Dismiss [Doc. 25] as to Plaintiff Diana D.'s First, Second, Third, Fourth, Sixth, and Seven claims against it is **GRANTED** and those claims are **DISMISSED**. Defendant SBCT's Motion to Dismiss [Doc. 25] as to Plaintiff Diana D.'s Fifth claim against it is **DENIED**;

(2) Defendant Lynn Hickox's Motion to Dismiss [Doc. 26] as to all of Plaintiff Diana D.'s claims against her is **GRANTED** and all such claims are **DISMISSED**. Defendant Lynn Hickox is **TERMINATED** as a party to this action;

(3) Defendant Rodney Hickox's Motion to Dismiss [Doc. 27] as to all of Plaintiff Diana D.'s claims against him is **GRANTED** and all such claims are **DISMISSED**. Defendant Rodney Hickox is **TERMINATED** as a party to this action; and

(4) Defendant Fred Lovell's Motion to Dismiss [Doc. 28] as to all of Plaintiff Diana D.'s claims against him is **GRANTED** and all such claims are **DISMISSED**. Defendant Fred Lovell is **TERMINATED** as a party to this action.

**FINALLY, IT IS ORDERED** that the Clerk of Court shall send to the *pro se* Plaintiff a Notice of Availability of the Pro Se Settlement Assistance Program. Plaintiff Diana D. shall have fourteen (14) days (the "Opt-in Period") to decide whether to participate in the Pro Se Settlement Assistance Program and return the completed Notice form to the Clerk of Court in Ashe-

ville. The deadline for conducting an initial attorneys' conference is tolled during this Opt-in Period.

**IT IS SO ORDERED.**

## MEMORANDUM AND RECOMMENDATION

DENNIS L. HOWELL, United States Magistrate Judge.

Pending before the Court are the Motions to Dismiss [# 25, # 26, # 27, # 28]. Plaintiffs brought this action in the Superior Court of Swain County asserting state law claims for negligent nondisclosure, fraud, civil conspiracy, unfair and deceptive trade practices, unjust enrichment, breach of the covenant of good faith and fair dealing, and offset. Defendants removed the action to this Court, and Plaintiffs filed an Amended Complaint. Defendants then each filed separate Motions to Dismiss, which the District Court referred to this Court. Accordingly, Defendants' motions are now before this Court for a Memorandum and Recommendation to the District Court. The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 26, # 27, # 28] and **GRANT in part** and **DENY in part** the Motion to Dismiss [# 25].

### I. Background

Plaintiff Diana D. is a resident of North Carolina and the president of Plaintiff Mountain Land Properties, Inc., a North Carolina Corporation. (Pl.'s Am. Compl. ¶¶ 1–1, 10.) In 2004, Defendant Fred Lovell approached Plaintiffs about investing in a real estate development near Bryson City, North Carolina (the "Unahala Road Property"). (*Id.* ¶¶ 6–7.) Several months later, Defendant Rodney Hickox also approached Plaintiffs about forming a joint venture between Plaintiffs, Defendant Lovell, and himself. (*Id.* ¶ 7.)

During the course of meetings regarding this potential joint venture, Defendant Lovell informed Plaintiffs that Plaintiffs would only be responsible for overseeing the development of the Unahala Road Property; they would not need to inject any financial equity into the project. (*Id.*) In addition, Defendant Lovell stated that the project would be funded by taking out loans in the name of Defendant Lynn Hickox, Defendant Rodney Hickox's wife. (*Id.*) At the time, Defendant Rodney Hickox was an executive vice president of Community Bank & Trust. (*Id.* ¶¶ 7, 9.) Defendant SCBT, N.A. ("SCBT") is the successor by merger of Community Bank & Trust. (*Id.* ¶ 12.)

Plaintiffs made it clear to Defendants Lovell and Rodney Hickox that they did not have the funds to invest any money into the project. (*Id.* ¶ 8.) Plaintiffs believed that the parties would fund the project by securing a loan of approximately $745,000.00, secured by a liquid certificate of deposit in the amount of $1 million, and that the certificate of deposit would be on standby at all times in order to extinguish the loan should it become due and payable. (*Id.*) As a result of the assurances from Defendants and officials at Community Bank & Trust that the loan would be secured by the liquid certificate of deposit, Plaintiffs moved forward with the development by executing the document required to assist in the procurement of the loan in the amount of $745,968.72. (*Id.* ¶ 10; Ex. A to Def. SCBT's Motion to Dismiss.) As is clear from the face of the loan, the loan was also secured by the property. (Ex. A to Def.'s Mot. to Dismiss.) Plaintiff Diana D. signed the Commercial Promissory Note on behalf of Plaintiff Mountain Land Properties; she did not sign the documents in her individual capacity. (Ex. A to Def. SCBT's Mot. to Dismiss.)

Once the loan closed on March 30, 2005, Plaintiffs moved forward with securing the property for development. (*Id.* ¶ 11.) Meanwhile, the initial loan was repeatedly rolled over or extended. (*Id.* ¶ 12.) Plaintiffs contend that at some point Defendant SCBT allowed Defendants Rodney Hickox or Lovell to withdraw, transfer or diminish the funds from the original certificate of deposit. (*Id.* ¶ 16.) No one, however, informed Plaintiffs that the initial certificate of deposit had been displaced, diluted, or released, and Plaintiffs moved forward with the development of the property based on the belief that the certificate of deposit was still available to pay the loan in the event of a default or delinquency. (*Id.* ¶¶ 12, 16.) Between 2005 and 2010, Plaintiffs spent a significant amount of time and resources developing the Unahala Road Property and preparing it for market. (*Id.* ¶ 27.) Plaintiffs contend that these efforts increased the value of the underlying property. (*Id.* ¶ 28.)

At some point, the partnership formed to develop the property fell behind on its payments pursuant to the terms of the loan, and Defendant SCBT attempted to accelerate the debt. (*Id.* ¶ 14.) Subsequently, Defendants Lovell, Rodney Hickox, and Lynn Hickox entered into an agreement with Defendant SCBT to release the certificate of deposit, as well as any interest they had in the subject property. (*Id.* ¶ 15.) Defendant SCBT then initiated foreclosure proceedings on the Unahala Road Property. (*Id.* ¶ 31.) Defendants did not compensate Plaintiffs for their efforts in developing and improving the Unahala Road Property. (*Id.* ¶¶ 18, 29.)

Plaintiffs then brought this action for negligent nondisclosure, fraud, civil conspiracy, unfair and deceptive trade practices, unjust enrichment, breach of the covenant of good faith and fair dealing, and offset against Defendants. After Defendants removed the action to this Court, Defendants moved to dismiss the Amended Complaint on a number of grounds. Subsequently, the District Court referred the motions to this Court. Defendants' motions are now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. *See Francis v. Giacomelli,* 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motions, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir.2009); *Giacomelli,* 588 F.3d at 190–92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement...." *Consumeraffairs.com,* 591 F.3d at 255; *see also Giacomelli,* 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also Consumeraffairs.com,* 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to

relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974; *see also Consumeraffairs.com,* 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949; *see also Consumeraffairs.com,* 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. *Consumeraffairs.com,* 591 F.3d at 256; *Giacomelli,* 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. *Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974; *Consumeraffairs.com,* 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. *Cozzarelli v. Inspire Pharmaceuticals Inc.,* 549 F.3d 618, 629 (4th Cir. 2008); *Anderson v. Sara Lee Corp.,* 508 F.3d 181, 188 (4th Cir.2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. *Cozzarelli,* 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 n. 5 (4th Cir.1999).

## III. Analysis

### A. Diversity Jurisdiction is Proper in this Court

Previously, the Court directed the parties to show cause whether the Court had subject matter jurisdiction over this dispute. (Order, Mar. 4, 2014.) Of particular concern to the Court were the allegations regarding the residency of some of the Defendants. Upon a review of the parties' responses to the Court's Order, as well as the various documents and affidavits attached to the parties' responses, the Court finds that subject matter jurisdiction is proper in this Court on the basis of diversity jurisdiction. Moreover, no Rule 11 sanctions are warranted against any of the parties in this case as it appears that each party had a good faith basis for the factual allegations regarding residency and citizenship set forth in their pleadings.

### B. The Motion to Dismiss of Defendant SCBT

#### 1. Civil Conspiracy and Offset

Defendant SCBT moves to dismiss Plaintiffs claim for offset on the ground that in North Carolina offset is an affirmative defense and not a cause of action. Defendant SCBT moves to dismiss the civil conspiracy claim on the ground that Plaintiffs failed to allege any agreement between Defendant SCBT and any other entity to commit an unlawful act, as required do assert a claim for civil conspiracy in North Carolina. *See Strickland v. Hedrick,* 194 N.C.App. 1, 669 S.E.2d 61, 72 (2008) (setting forth elements of civil conspiracy claim); *Privette v. Univ. of N.C. at Chapel Hill,* 96 N.C.App. 124, 385 S.E.2d 185, 193 (1989) (same). Plaintiffs failed to respond to either of these legal arguments in their response to the Motion to Dismiss. As such, the Court deems Plaintiffs to have waived any opposition to the dismissal of these two claims. *See J & P Dickey Real Estate Family Ltd. P'ship v. Northrop Grumman Guidance & Electronics Co., Inc.,* No. 2:11cv37, 2012 WL 925015, at

*3 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.) (unpublished); *see also, Brand v. N.C. Dep't of Crime Control and Pub. Safety,* 352 F.Supp.2d 606, 618 (M.D.N.C.2004) (finding that by failing to respond to motion for summary judgment on hostile work environment claim, plaintiff conceded that the hostile work environment claim failed to state a claim); *Straszheim v. Gerdau Ameristeel U.S., Inc.,* No. 3:08cv602, 2010 WL 883665, at *3 (W.D.N.C. Mar. 5, 2010) (Conrad, C.J.); *Jimoh v. Charlotte–Mecklenburg Hous. P'ship, Inc.,* 2010 WL 1924480, at *3 (W.D.N.C. May 12, 2010) (Conrad, C.J.). The Court **RECOMMENDS** that the District Court **DISMISS** the civil conspiracy and offset claims asserted against Defendant SCBT.

### 2. The claims asserted by Plaintiff Diana D.

Defendant SCBT moves to dismiss all of the claims asserted by Plaintiff Diana D. on the ground that she lacks standing to assert claims arising out of the loans entered into with Community Bank and Trust because she executed the loan agreements in her capacity as President of Plaintiff Mountain Land Properties, not in her individual capacity. (Pl's Am. Compl. ¶¶ 10, 29; Ex. A to Def. SCBT's Motion to Dismiss.) Thus, Defendant SCBT contends that Plaintiff Diana D. may not seek to recover tort damages in her individual capacity arising out of the contracts she entered on behalf of Plaintiff Mountain Land Properties; any recovery from such torts would belong to Plaintiff Mountain Land Properties. In response to Defendant SCBT's motion, Plaintiff Diana D. contends that she has standing to assert the claims in the Amended Complaint because she was a third beneficiary to the contracts at issue. (Pls.' Resp. to Def. SCBT's Mot. Dismiss at p. 10–11.)

█ In order to state a claim in North Carolina as a third party beneficiary to a contract, the complaint must allege: "(1) the existence of a contract between two other persons; (2) that the contract was valid and enforceable; and (3) that the contract was entered into for his direct, and not incidental, benefit." *United Leasing Corp. v. Miller,* 45 N.C.App. 400, 263 S.E.2d 313, 317 (1980); *see also Hardin v. York Mem'l Park,* 221 N.C.App. 317, 730 S.E.2d 768, 775 (N.C.Ct.App.2012). An individual is a direct beneficiary of a contract where the parties to the contract intended to confer on the individual a legally enforceable benefit. *Hospira Inc. v. Alphagary Corp.,* 194 N.C.App. 695, 671 S.E.2d 7, 13 (2009). "It is not enough that the contract, in fact, benefits the third party, if, when the contract was made, the contracting parties did not intend it to benefit the third party directly." *Id.* (citations and quotations omitted).

Here, the Amended Complaint fails to contain any factual allegations that the parties entered into the contract or contracts at issue for the direct benefit of Plaintiff Diana D., as required to state a claim as a third party beneficiary. *See Hospira,* 671 S.E.2d at 13. The fact that an agreement between Defendants and Plaintiff Mountain Land Properties might have had an incidental benefit to Plaintiff Diana D. as the president and/or owner of Plaintiff Mountain Land Properties is irrelevant; Plaintiffs must allege facts suggesting that at the time Defendants and Plaintiff Mountain Land Properties entered into the agreement, they intended Plaintiff Diana D. to be a direct beneficiary of their agreement. *See id.* Because the Amended Complaint is devoid of any allegations supporting Plaintiffs contention that Plaintiff Diana D. was a third party beneficiary of the loan agreements, she may not assert claims that arise out of the loan agreements; such claims are subject to dismissal.

Finally, Plaintiffs contend that Diana D. may assert a claim for unjust enrichment in her individual capacity because it is not dependent on the existence of a contract between the parties. As the North Carolina Court of Appeals has explained:

"The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated. More must be shown than that one party voluntarily benefited another or his property." *Collins v. Davis,* 68 N.C.App. 588, 591, 315 S.E.2d 759, 761 (1984). "In order to properly set out a claim for unjust enrichment, a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable·obligation on the part of the defendant to account for the benefits received." *Norman v. Nash Johnson & Sons' Farms, Inc.,* 140 N.C.App. 390, 417, 537 S.E.2d 248, 266 (2000). "Not every enrichment of one by the voluntary act of another is unjust. 'Where a person has officiously conferred a benefit upon another, the other is enriched but is not considered to be unjustly enriched. The recipient of a benefit voluntarily bestowed without solicitation or inducement is not liable for their value.'" *Wright v. Wright,* 305 N.C. 345, 350, 289 S.E.2d 347, 351 (1982) (emphasis added) (quoting *Rhyne v. Sheppard,* 224 N.C. 734, 737, 32 S.E.2d 316, 318 (1944)).

*JPMorgan Chase Bank, Nat'l Ass'n v. Browning,* —— N.C.App. ——, 750 S.E.2d 555, 559–60 (N.C.Ct.App.2013). Such a claim is not based on tort or contract law; rather, the claim is quasi contractual. *Hinson v. United Fin. Servs., Inc.,* 123 N.C.App. 469, 473 S.E.2d 382, 386 (1996). Because Plaintiff Diana D.'s unjust enrichment claim is not dependent upon the existence of a contract between the parties, the fact that she signed the loan agreements at issue in her capacity as President of Plaintiff Mountain Land Properties, does not deprive her of standing to assert an unjust enrichment claim in her individual capacity.[1] The Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted by Plaintiff Diana D. against Defendant SCBT except for the unjust enrichment claim.[2]

### 3. Statute of limitations

Defendant SCBT moves to dismiss all of the claims asserted against it on the basis of the statute of limitations. Specifically, Defendant SCBT contends that all of the claims are barred by the three year statute of limitations because they arise out of the 2005 loan agreement entered into by the parties. Defendant SCBT, however, presents the Court with little more than a cursory legal analysis in its brief, fails to apply the proper statute of limitation period to each claim, and fails to properly consider when each of the claims accrued. Although the Court would ordinarily deny the Motion to Dismiss as a result of counsel's failure to adequately brief the pertinent legal issues, the Court will address each of the applicable statute of limitations

1. The Court notes that Defendant SCBT failed to address Plaintiffs' argument as to the unjust enrichment claim in its Reply brief.

2. Defendant SCBT also contends that Plaintiffs lack standing to assert any of the claims in the Amended Complaint because Plaintiffs failed to allege that they suffered an injury. Such argument lacks merit as the Plaintiffs' Amended Complaint plainly alleges that Plaintiffs suffered an injury as a result of the alleged actions of Defendants, including Defendant SCBT.

periods for the benefit of the District Court.[3]

a. Fraud and fraud in the inducement

■ Plaintiffs' fraud claims are subject to a three year statute of limitations. N.C. Gen.Stat. § 1–52(9); *see also Carlisle v. Keith,* 169 N.C.App. 674, 614 S.E.2d 542, 548 (2005). The three year limitations period accrues and beings to run from "the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen.Stat. § 1–52(9); *see also Spears v. Moore,* 145 N.C.App. 706, 551 S.E.2d 483, 485 (2001). "The Supreme Court of [North Carolina] has held in numerous cases that in an action grounded on fraud, the statute of limitations begins to run from the discovery of the fraud or from the time it should have been discovered in the exercise of reasonable diligence." *Calhoun v. Calhoun,* 18 N.C.App. 429, 197 S.E.2d 83, 85 (1973); *see also Carlisle,* 614 S.E.2d at 548; *Hunter v. Guardian Life Ins. Co. of Am.,* 162 N.C.App. 477, 593 S.E.2d 595, 601 (2004). Ordinarily, the issue of whether a plaintiff exercised due diligence is an issue of fact for the jury to resolve based on the evidence in the record. *Spears,* 551 S.E.2d at 485. "Failure to exercise due diligence may be determined as a matter of law, however, where it is clear that there was both capacity and opportunity to discovery the mistake." *Id.* (internal quotations and citation omitted).

■ Here, the Court cannot say as a matter of law based on the factual allegations in the Amended Complaint that Plaintiffs should have discovered the alleged fraud through the exercise of due diligence more than three years prior to Plaintiff bringing this action. Such a determination is more appropriate for the summary judgment stage. As the United States Court of Appeals for the Fourth Circuit has explained:

> Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed.R.Civ.P. 8(c), and the burden of establishing the affirmative defense rests on the defendant. *See Newell v. Richards,* 323 Md. 717, 594 A.2d 1152, 1156 (1991); *accord Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.,* 427 F.2d 862, 870 (4th Cir.1970). It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred. But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] *on the face of the complaint.*" *Richmond, Fredericksburg & Potomac R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993) (emphasis added); *accord Desser v. Woods,* 266 Md. 696, 296 A.2d 586, 591 (1972).

*Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir.2007) (applying Maryland law).

Moreover, the cases relied upon by Defendant SCBT do not dictate a different result. Both *Rutledge v. Boston Wowen Hose and Rubber Co.,* 576 F.2d 248 (9th Cir.1978), and *Hinton v. Pacific Enters.,* 5 F.3d 391 (9th Cir.1993), are cases from the United States Court of Appeals for the Ninth Circuit, and neither case addresses North Carolina law. In addition, *Rutledge*

---

**3.** Counsel for Defendant SCBT is warned that going forward the Court will strike from the record any such briefs submitted to this Court.

and *Hinton* both address the issue of tolling an expired statute of limitation, not the accrual date of a fraud action. Accordingly, neither *Rutledge* nor *Hinton* has any bearing on this case. The Court **RECOMMENDS** That the District Court **DENY** Defendant SCBT's Motion to Dismiss the fraud claim on statute of limitations grounds.

### b. Negligence

■ A claim for negligence in North Carolina is barred by the statute of limitations unless brought within three years of the date the claim accrues. N.C. Gen.Stat. § 1–52; *Birtha v. Stonemor, N.C., LLC*, 220 N.C.App. 286, 727 S.E.2d 1, 7 (N.C.Ct. App.2012); *see also Salmony v. Bank of Am. Corp.*, —— N.C.App. ——, 748 S.E.2d 776, 2013 WL 3770688, at \*6 (N.C.Ct.App. Jul. 16, 2013) (unpublished). A negligence claim accrues when the wrong giving rise to the claim is complete, despite the fact that the plaintiff may not discover the actual injury until later. *Birtha*, 727 S.E.2d at 7.

■ To the extent that Plaintiffs allege that Defendant SCBT was negligent in failing to disclose that the certificate of deposit was not placed as collateral for the loan in 2005, such a claim would be barred by the statute of limitations. Moreover, the continuing wrong doctrine would not save such a claim because the Amended Complaint does not sufficiently allege a continually recurring violation by Defendant SCBT. *See generally, id.* (discussing the continuing wrong doctrine). Accordingly, Plaintiffs are limited to negligence claims stemming from a failure to disclose that the certificate of deposit was not placed as collateral for a loan, to loans entered into less than three years prior to the filing of this action. Similarly, to the extent Plaintiffs allege that Defendant SCBT failed to disclose to Plaintiffs that the certificate of deposit was depleted, and

the certificate of deposit was depleted more than three years prior to Plaintiffs bringing this action, such claims would be barred by the applicable statute of limitations. The Court **RECOMMENDS** that the Court **GRANT in part** and **DENY in part** the Motion to Dismiss the negligence claims on statute of limitations grounds.

### c. Unfair and deceptive trade practices

■ A claim for unfair and deceptive trade practices must be brought within four years of the accrual of the cause of action. N.C. Gen.Stat. § 75–16.2; *Trantham v. Michael L. Martin, Inc.*, —— N.C.App. ——, 745 S.E.2d 327, 334 (N.C.Ct.App.2013); *Ussery v. Branch Banking and Trust Co.*, —— N.C.App. ——, 743 S.E.2d 650, 654 (N.C.Ct.App. 2013). "When an action for unfair and deceptive trade practices is based on fraud, the action accrues at the time the fraud is discovered or should have been discovered with the exercise of reasonable diligence." *Trantham*, 745 S.E.2d at 334 (internal quotations and citation omitted); *see also Nash v. Motorola Commc'n & Elecs., Inc.*, 96 N.C.App. 329, 385 S.E.2d 537, 538 (1989); *Carter v. Bank of Am., N.A.*, No. 1:11CV326–GCM, 2014 WL 70072, at \*5 (W.D.N.C. Jan. 9, 2014) (Mullen, J.) (affirming memorandum and recommendation). For the same reasons that dismissal of the fraud claims on statute of limitations grounds is not proper at this time, the unfair and deceptive trade practices act claims are not subject to dismissal at this time. The Court **RECOMMENDS** that the District Court **DENY** Defendant SCBT's Motion to Dismiss the unfair and deceptive trade practices act claims on statute of limitations grounds.

### d. Unjust enrichment

■ A claim for unjust enrichment is subject to a three year statute of limita-

tions period. *Stratton v. Royal Bank of Canada,* 211 N.C.App. 78, 712 S.E.2d 221, 229 (2011); *Housecalls Home Health Care, Inc. v. State, Dept. of Health & Human Servs.,* 200 N.C.App. 66, 682 S.E.2d 741, 744 (2009). The three year period runs from the date the claim accrues. *Miller v. Randolph,* 124 N.C.App. 779, 478 S.E.2d 668, 670 (1996). Generally, a cause of action accrues when the wrong is complete and, thus, a plaintiff is entitled to assert the claim in court. *Housecalls Home Health Care,* 682 S.E.2d at 744; *Ruff v. Reeves Bros., Inc.,* 122 N.C.App. 221, 468 S.E.2d 592, 596 (1996).

▇▇ Plaintiffs allege that they conferred a benefit on Defendant SCBT by continuously improving the property at issue up until August 2010. (Pls.' Am. Compl. ¶ 27.) In addition, Plaintiffs allege that Defendant SCBT consciously accepted the benefit of Plaintiffs' work by foreclosing on and acquiring the property. (Pls.' Am. Compl. ¶ 29.) The face of the Amended Complaint, however, does not indicate as a matter of law that the Defendant SCBT acquired the property more than three years prior to Plaintiffs bringing this action. Thus, Plaintiffs unjust enrichment claims are not subject to dismissal on statute of limitations grounds. The Court **RECOMMENDS** that the District Court **DENY** Defendant SCBT's Motion to Dismiss the unjust enrichment claims on statute of limitations grounds.

### e. Breach of the convent of good faith and fair dealing

▇▇ A claim for breach of contract or any claim arising from a contractual breach is subject to a three year statute of limitations period. N.C. Gen.Stat. § 1–52(1). A breach of contract claim accrues upon the date of the breach, regardless of whether the injured party has knowledge that the breach has occurred. *Housecalls*

*Home Health Care,* 682 S.E.2d at 744; *Pharmaresearch Corp. v. Mash,* 163 N.C.App. 419, 594 S.E.2d 148, 152 (2004); *Miller,* 478 S.E.2d at 670.

▇▇ Plaintiffs allege that Defendant SCBT breached the covenant of good faith and fair dealing by failing to disclose to Plaintiff that the certificate of deposit provided as collateral for the loan was released, diluted or replaced. (Pls.' Am. Compl. ¶¶ 12, 30.) Thus, Plaintiffs claim accrued, and the statute of limitations, began running on the date that Defendants released, diluted, or replaced the certificate of deposit. The date that Plaintiffs entered into the loan agreements is irrelevant for purposes of determining the statute of limitations, as it is the date of the alleged breach that determines the accrual date of Plaintiffs' claim. The Amended Complaint and the record before the Court, however, fail to demonstrate as a matter of law that the alleged breach occurred more than three years before Plaintiffs brought this suit. Accordingly, the Court **RECOMMENDS** that the District Court **DENY** Defendant SCBT's Motion to Dismiss the breach of the covenant of good faith and fair dealing claim on statute of limitations grounds.

### 4. The fraud claims

Court Two of the Amended Complaint asserts a claim for fraud and fraud in the inducement. (Pls.' Am. Compl. ¶¶ 21–22.) Defendant SCBT contends that Plaintiffs have failed to plead fraud with particularity as required by Rule 9 of the Federal Rules of Civil Procedure.

▇▇ In order to assert either a claim of general fraud or a fraud in the inducement in North Carolina, a plaintiff must allege facts supporting each element of a fraud claim, including: (1) the false representation or concealment of a materi-

al fact; (2) that is reasonably calculated to deceive; (3) made with the intent deceive plaintiff; (4) that does in fact deceive plaintiff; and (5) results in damage to plaintiff. *Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E.2d 494, 500 (1974) (setting forth the elements of a general fraud claim); *TradeWinds Airlines, Inc. v. C–S Aviation Servs.,* —— N.C.App. ——, 733 S.E.2d 162, 168 (N.C.Ct.App.2012) (setting forth the elements of a fraud in the inducement claim); *Whisnant v. Carolina Farm Credit,* 204 N.C.App. 84, 693 S.E.2d 149, 157 (2010) (setting forth the elements of a fraud in the inducement claim). The elements of a constructive fraud claim include: " '(1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured.' " *Trantham v. Michael L. Martin, Inc.,* —— N.C.App. ——, 745 S.E.2d 327, 332 (N.C.Ct.App.2013) (*quoting White v. Consol. Planning, Inc.,* 166 N.C.App. 283, 603 S.E.2d 147, 156 (2004)).

In addition to alleging factual allegations supporting each element of a fraud claim, a party must also plead the circumstances of fraud with particularity. Fed.R.Civ.P. 9(b). As the Fourth Circuit has explained:

> We have elaborated that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' " *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir.1999) (*quoting* 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed.1990)). The standard set forth by Rule 9(b) aims to provide defendants with fair notice of claims against them and the factual ground upon which they

are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation. *Id.; see also U.S. ex rel. Nathan v. Takeda Pharmaceuticals North America, Inc.,* 707 F.3d 451, 455–56 (4th Cir.2013).

*McCauley v. Home Loan Inv. Bank, F.S.B.,* 710 F.3d 551, 559 (4th Cir.2013); *see also Ross v. Gordon & Weinberg, P.C.,* No. 3:09cv482, 2011 WL 3841549, at *4 (W.D.N.C. Aug. 30, 2011) (Cogburn, J.).

█ The Court finds that Plaintiffs have failed to plead the circumstances of fraud with particularly. In fact, after an exhaustive review of the Amended Complaint and Plaintiffs' Response to the Motion to Dismiss, it is still not even clear to the Court what type of fraud claim Plaintiffs intend to assert, and the Amended Complaint fails to put Defendant SCBT on notice of the specific fraud claim asserted against it. *See McCauley,* 710 F.3d at 559. The Amended Complaint contains only one claim of fraud, yet it is not clear whether Plaintiffs intend to assert a fraud claim based on affirmative misrepresentations of Defendants or their agents related to the certificate of deposit, a fraud in the inducement claim based on either misrepresentations or omissions related to the 2005 loan agreement, similar claims related to the various unspecified, subsequent loan agreements, or a constructive fraud claim premised on a relationship of trust and confidence between Plaintiffs and an agent of Defendant SCBT. The two paragraphs of the Amended Complaint dedicated to the fraud claim do little to bring any clarity to the claim. (Pls.' Am. Compl. ¶¶ 21–22.)

Moreover, to the extent that Plaintiffs intended to assert a fraud claim based on affirmative misrepresentations, such a

claim fails to sufficiently set forth the circumstances of the false representation with the particularity required by Rule 9(b). *See McCauley,* 710 F.3d at 559. Similarly, any fraud claim asserted against Defendant SCBT based on the concealment of a material fact also lacks the requisite particularity to satisfy Rule 9. Finally, Plaintiffs fail to sufficiently plead a claim of constructive fraud as the Amended Complaint fails to set forth sufficient facts demonstrating the requisite relationship of trust and confidence between Defendant SCBT and Plaintiffs and that Defendant SCBT took advantage of this position of trust in order to benefit itself. *See Trantham,* 745 S.E.2d at 332. Although the Amended Complaint contains generic allegations that Plaintiffs placed trust and reliance on the *representations* made by "Defendants" (Pls.' Am. Compl. ¶¶ 21–22), the Amended Complaint fails to set forth facts demonstrating a relationship of trust and confidence between Plaintiffs and Defendant SCBT. Thus, any such claim would be subject to dismissal pursuant to Rule 12(b)(6). In short, the nebulous fraud claim asserted in the Amended Complaint fails to satisfy the pertinent pleading requirements and is subject to dismissal. The Court, therefore, **RECOMMENDS** the District Court **DISMISS** the fraud claims asserted against Defendant SCBT.

### 5. *Unfair and deceptive trade practices act*

In order to make out a *prima facie* claim for unfair and deceptive trade practices, Plaintiffs must show that: (1) Defendant SCBT committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the Plaintiffs' injury. *Gray v. N.C.*

*Ins. Underwriting Ass'n,* 352 N.C. 61, 529 S.E.2d 676, 681 (2000); *Hospira Inc. v. Alphagary Corp.,* 194 N.C.App. 695, 671 S.E.2d 7, 12 (2009); *Sessler v. Marsh,* 144 N.C.App. 623, 551 S.E.2d 160, 167 (2001). A practice is unfair if it " 'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.' " *Branch Banking and Trust Co. v. Thompson,* 107 N.C.App. 53, 418 S.E.2d 694, 699 (1992) (*quoting Johnson v. Phoenix Mut. Life Ins. Co.,* 300 N.C. 247, 266 S.E.2d 610, 621 (1980)); *Sessler,* 551 S.E.2d at 167. A practice is deceptive where it has the tendency or capacity to deceive. *Thompson,* 418 S.E.2d at 699; *Sessler,* 551 S.E.2d at 167. "In making a claim of unfair and deceptive trade practices on a theory of misrepresentation or fraud, a plaintiff must show that a defendant's words or conduct possessed 'the tendency or capacity to mislead' or create the likelihood of deception.' " *Hospira,* 671 S.E.2d at 12 (*quoting Marshall v. Miller,* 302 N.C. 539, 276 S.E.2d 397, 403 (1981)). Moreover, a plaintiff does not have to show actual deception to prevail, he or she need only demonstrate that the acts of defendant "possessed the tendency or capacity to mislead or create the likelihood of deception." *RD & J Props. v. Lauralea–Dilton Enters., LLC,* 165 N.C.App. 737, 600 S.E.2d 492, 500–501 (2004).

The Amended Complaint contains little more than a simple recitation of the elements of a claim for unfair and deceptive trade practices, as well as conclusory allegations of unfair and deceptive conduct. (*See* Pls.' Am. Compl. ¶¶ 24–26.) In fact, it is entirely unclear from the Amended Complaint precisely what specific act or practice Plaintiffs base their claim upon because the Amended Complaint contains only conclusory allegations of misconduct.[4]

***

**4.** Plaintiffs do little to clarify the nature of
their claim in their Response to the Motion to

(*Id.* ¶ 25.) Aside from failing to allege what specific act or practice forms the basis of Plaintiffs' claim, the Amended Complaint fails to allege that the unfair and deceptive practice was in or affecting commerce. Instead, the Amended Complaint alleges merely that Defendants and Plaintiffs were generally participating in the stream of commerce in North Carolina during 2004 and 2005. (*Id.* ¶ 24.) Finally, to the extent that Plaintiffs intended to base their unfair and deceptive trade practices claim on the acts of fraud, such claims fail for the reasons that the fraud claims fail. Accordingly, the Court **REC-OMMENDS** that the District Court **DISMISS** the unfair and deceptive trade practices claims asserted against Defendant SCBT.

### 6. Unjust enrichment

Plaintiffs assert an unjust enrichment claim in Count Five. In order to state a claim for unjust enrichment, a plaintiff must allege facts demonstrating: (1) a measurable benefit conferred on defendant; (2) that the defendant consciously accepted; and (3) the benefit was not conferred on the defendant officiously or gratuitously. *Lake Toxaway Cmty. Ass'n, Inc. v. RYF Enters., LLC,* ⎯ N.C.App. ⎯⎯, 742 S.E.2d 555, 561 (N.C.Ct.App. 2013); *JPMorgan Chase Bank, Nat'l Ass'n v. Browning,* ⎯ N.C.App. ⎯⎯, 750 S.E.2d 555, 559 (N.C.Ct.App.2013); *Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.,* 211 N.C.App. 252, 712 S.E.2d 670, 677 (2011). A benefit is con-

ferred officiously where it is conferred by interference in the affairs of the defendant in a manner that is unjustified under the circumstances. *Browning,* 750 S.E.2d at 559.

> The doctrine of unjust enrichment was devised by equity to exact the return of or payment for, benefit received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated. More must be shown than that one party voluntarily benefited another or his property.

*Id.* at 560 (internal quotations and citation omitted).

 Defendant SCBT moves to dismiss the unjust enrichment claims on the ground that Plaintiffs failed to allege that Plaintiffs conferred a benefit upon Defendant SCBT. The Amended Complaint, however, plainly alleges each of the requisite elements of an unjust enrichment claim. Plaintiffs allege that they undertook efforts to improve the land, which conferred a measureable benefit on Defendant SCBT, that SCBT accepted the benefit, and that Plaintiffs did not confer this benefit officiously or gratuitously. (Pls.' Am. Compl. ¶¶ 27–29.) Accordingly, Defendant SCBT's contention that Plaintiffs failed to plead that they conferred a benefit on it is without merit. The Court **REC-OMMENDS** that the District Court **DENY** the Motion to Dismiss as to Count Five.[5]

---

Dismiss and generally fail to address the specific arguments raised by Defendant SCBT in the Motion to Dismiss.

**5.** The Court notes that an express contract between the parties precludes a finding of unjust enrichment. *Southeastern Shelter Corp. v. BTU, Inc.,* 154 N.C.App. 321, 572 S.E.2d 200, 206 (2002); *Madison River Mgmt. Co. v. Business Mgmt. Software Corp.,* 351 F.Supp.2d 436, 446 (M.D.N.C.2005); *see also*

*Flexible Foam Prods., Inc. v. Vitafoam Inc.,* 980 F.Supp.2d 690 (W.D.N.C.2013) (Reidinger, J.) (unpublished); *Yancey v. Remington Arms Co., LLC,* Nos. 1:12CV477, 1:12CV437, 1:10CV918, 2013 WL 5462205 (M.D.N.C. Sept. 30, 2013) (unpublished); *McManus v. GMRI, Inc.,* Civil Action No. 3:12–CV–009–DCK, 2012 WL 2577420 (W.D.N.C. Jul. 3, 2012) (Keesler, Mag. J.) (unpublished). Defendant SCBT, however, did not move to dismiss the unjust enrichment claim brought by

### 7. The FDIC Acquisition

Finally, Defendant SCBT moves to dismiss all the claims as the result of the acquisition of the Community Bank and Trust by the Federal Deposit Insurance Corporation. Defendant SCBT, however, fails to cite any authority in support of this legal contention. As the Court has repeatedly stressed in this Memorandum and Recommendation, briefs such the ones submitted by counsel in this matter are not acceptable in federal court and do little other than delay the proceedings and waste the time and resources of this Court. As a result of Defendant SCBT's complete failure to provide the Court with a single citation to any legal authority supporting its legal contention that the Court should dismiss all the claims based on the acquisition of Community Bank and Trust by the Federal Deposit Insurance Corporation, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss on this ground.

### C. The Motion to Dismiss of Defendant Fred Lovell

#### 1. The claims asserted by Plaintiff Diana D.

For the reasons discussed in Section III.B.2, the Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted by Plaintiff Diana D. against Defendant Lovell except for the unjust enrichment claim asserted in Count Five.

#### 2. The fraud claims asserted against Defendant Lovell

Just as the fraud claims asserted against Defendant SCBT are subject to dismissal, the fraud claims asserted against Defendant Lovell are also subject to dismissal. Aside from failing to plead the fraud claim

---

with the required particularity, the Amended Complaint is devoid of factual allegations that Defendant Lovell and Plaintiffs had a relationship of trust and confidence. Moreover, the Amended Complaint fails to allege that Defendant Lovell took advantage of this relationship of trust and confidence to benefit himself by remaining silent as to the status of the certificate of deposit. For these reasons, and the reasons discussed in Section III.B.4, the Court **RECOMMENDS** that the District Court **DISMISS** the fraud claims asserted against Defendant Lovell.

#### 3. Unjust enrichment

Count Five asserts a claim for unjust enrichment. Unlike the allegations as to Defendant SCBT, the Amended Complaint fails to state an unjust enrichment claim against Defendant Lovell because the Amended Complaint fails to allege that Defendant Lovell consciously accepted the benefits of Plaintiffs' work to improve the property, as required to state a claim for unjust enrichment in North Carolina. *See Lake Toxaway*, 742 S.E.2d at 561. Rather, the Amended Complaint only alleges that Defendant SCBT consciously accepted the benefits of the improvements by foreclosing on the property. (Pls.' Am. Compl. ¶ 29.) Moreover, it is unclear how Defendant Lovell could have accepted a measurable benefit where the Amended Complaint alleges that Defendant Lovell has no interest in the property. (Pls.' Am. Compl. ¶ 15.) Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the unjust enrichment claim asserted against Defendant Lovell.

#### 4. Breach of the covenant of good faith and fair dealing

Count Six asserts a claim for breach of the covenant of good faith and fair dealing.

---

Plaintiff Mountain Land Properties on the ground that the various loan agreements preclude a finding of unjust enrichment. The

Court, therefore, need not address whether such agreements preclude Plaintiff Mountain Land Properties claim for unjust enrichment.

(Pls.' Am. Compl. ¶ 30.) Defendant Lovell moves to dismiss this claim on the grounds that the Amended Complaint fails to allege a breach of contract and fails to allege any special relationship between Plaintiffs and Defendant Lovell. Plaintiffs failed to respond to Defendant Lovell's legal argument. Accordingly, the Court deems Plaintiffs to concede the merits of Defendant Lovell's legal contention and consent to the dismissal of the claim asserted against Defendant Lovell. *See J & P Dickey Real Estate,* 2012 WL 925015, at *3. The Court **RECOMMENDS** that the District Court **DISMISS** the breach of the covenant of good faith and fair dealing claim asserted against Defendant Lovell.

#### 5. Negligent nondisclosure

Count One asserts a claim for negligent nondisclosure. Defendant Lovell moved to dismiss this claim on the ground that North Carolina courts have only allowed such a claim in the context of the creditor/guarantor relationship. Plaintiffs failed to respond to Defendant Lovell's legal argument. Accordingly, the Court deems Plaintiffs to concede the merits of Defendant Lovell's legal contention and consent to the dismissal of the claim asserted against Defendant Lovell. *See J & P Dickey Real Estate,* 2012 WL 925015, at *3. Moreover, the Amended Complaint fails to allege sufficient factual allegations demonstrating that Defendant Lovell owed Plaintiffs a legal duty to disclose the information regarding the certificate of deposit. *See generally Oberlin Capital, L.P. v. Slavin,* 147 N.C.App. 52, 554 S.E.2d 840, 846 (2001). Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the negligent nondisclosure claim asserted against Defendant Lovell.

#### 6. Unfair and deceptive trade practices

Plaintiff has failed to sufficiently plead a claim for unfair and deceptive trade practices against Defendant Lovell. As Defendant Lovell points out in the Motion to Dismiss, the Amended Complaint fails to allege that Defendant Lovell committed an unlawful act that was in or affecting commerce. For this reason, and the reasons discussed in Section III.B.5, the Court **RECOMMENDS** that the District Court **DISMISS** the unfair and deceptive trade practices act claim against Defendant Lovell.

#### 7. The civil conspiracy claim against Defendant Lovell

Count Three of the Amended Complaint asserts a claim for civil conspiracy. (Pls.' Am. Compl. ¶ 23.) As this Court recently explained in *Outer Banks Beach Club Ass'n, Inc. v. Festiva Resorts Adventure Club Member's Ass'n, Inc.,* 2012 WL 4321324, at *5 (W.D.N.C. Jun. 18, 2012) (Howell, Mag. J.) (unpublished):

> In order to state a claim for conspiracy to commit fraud, Plaintiffs must allege facts supporting each element of a civil conspiracy claim, which includes: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." *In re Fifth Third Bank,* [217 N.C.App. 199] 719 S.E.2d 171, 181 (N.C.Ct.App.2011) (internal citation and quotations omitted); *Piraino Bros., LLC v. Atlantic Fin.Grp., Inc.,* [211 N.C.App. 343] 712 S.E.2d 328, 333 (N.C.Ct.App.2011); *Mace v. Pyatt,* [203 N.C.App. 245] 691 S.E.2d 81, 87 (N.C.Ct.App.2010). In North Carolina, civil conspiracy is not a separate civil action but is premised on the underlying act. *Piraino Bros.,* 712 S.E.2d at 333; *Strickland v. Hedrick,* [194 N.C.App. 1] 669 S.E.2d 61, 73 (N.C.Ct.App.2008).

The sole factual allegation contained in Count Three is paragraph twenty-three, which alleges "[t]hat the above-mentioned actions of the Defendants, being inherently fraudulent in nature, were in fact part of a

conspiracy on behalf of all Defendants designed to lure and entice Plaintiffs into a business venture with the intent to unlawfully exploit and/or harm Plaintiffs, which has ultimately damaged the Plaintiffs in an amount to be determined at trial." (Pls.' Am. Compl. ¶ 23.) Because the underlying unlawful act alleged in Count Three is fraud (*id.*), and because the Court finds that the fraud claim claims against Defendant Lovell are subject to dismissal, the civil conspiracy claim is also subject to dismissal. *See Piraino Bros.,* 712 S.E.2d at 333. Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** the conspiracy claim against Defendant Lovell.

#### D. The Motion to Dismiss of Defendant Lynn Hickox

For the reasons discussed in addressing the Motions to Dismiss asserted by Defendant SCBT and Defendant Lovell, the Court **RECOMMENDS** that the Court **DISMISS** all the claims asserted against Defendant Lynn Hickox.

#### E. The Motion to Dismiss of Defendant Rodney Hickox

For the reasons discussed in addressing the Motions to Dismiss asserted by Defendant SCBT and Defendant Lovell, the Court **RECOMMENDS** that the Court **DISMISS** all the claims asserted against Defendant Rodney Hickox.

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss filed by Defendant Lynn Hickox [# 26], Defendant Rodney Hickox [# 27], and Defendant Fred Lovell [# 28] and **DISMISS** all the claims asserted against these three Defendants. The Court **RECOMMENDS** that the District Court **GRANT in part** and **deny in part** the Motion to Dismiss filed by Defendant SCBT [# 25]. The Court **RECOMMENDS** that the District Court **DISMISS** all the claims asserted against Defendant SCBT in the Amended Complaint other than Plaintiff Diana D.'s unjust enrichment claim and Plaintiff Mountain Land Properties' unjust enrichment claim, breach of the covenant of good faith and fair dealing claim, and the negligent nondisclosure claim to the extent such claims are not otherwise precluded by the statute of limitations as set forth in Section III.B.3.b.

Signed: April 17, 2014.

### *Time for Objections*

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14) days of** service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. *Thomas v. Arn,* 106 S.Ct. 466, 474 U.S. 140, 88 L.Ed.2d 435 (1985), *reh'g denied,* 106 S.Ct. 899, 474 U.S. 1111, 88 L.Ed.2d 933 (1986); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 104 S.Ct. 2395, 467 U.S. 1208, 81 L.Ed.2d 352 (1984).